[60 NYS3d 621]

In the Matter of LaTasha D. Crutcher, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, July 31, 2017

### APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*LaTasha D. Crutcher,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 17, 2013, and maintains an office in Buffalo. In September 2016, the Grievance Committee filed a petition alleging against respondent five charges of misconduct, including making misrepresentations to prison officials to gain access to an inmate, failing to keep two clients reasonably informed about their matters, and failing to cooperate in the investigation of the Grievance Committee. Respondent filed an answer denying certain material allegations of the petition, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties entered into a stipulation resolving all factual issues concerning the charges of misconduct, and the Grievance Committee rested its case against respondent based upon the uncontested facts. Respondent thereafter offered testimony and certain documentary proof in mitigation of the charges. In April 2017, the Referee filed a report sustaining the charges and finding that respondent had failed to establish any substantial factors in mitigation. The Grievance Committee moves to confirm the report of the Referee and for a final order of discipline. Although respondent did not file papers in response to the motion, she appeared before this Court on the return date thereof and was heard in mitigation.

With respect to charge one, the Referee found that, in 2014, respondent was retained to represent a criminal defendant in an extradition proceeding, after which the client was extradited and imprisoned in Pennsylvania. The Referee found that, on May 9, 2016, respondent contacted a Pennsylvania prison official and engaged in dishonesty and deceit to gain access to the client. The Referee found that respondent told the prison official that the client's then current Pennsylvania criminal

defense attorney had asked respondent to meet with the client to obtain a witness list, and that the Pennsylvania attorney was unable to meet personally with the client owing to a family emergency. The Referee found that, when the prison official expressed concern about a grievance complaint that had been previously filed against respondent based upon her alleged conduct during a prior visit to the prison, respondent told the prison official that the "New York State Bar Association" had cleared her of all wrongdoing in relation to the prior visit. The Referee found, however, that, on May 9, 2016, respondent was in possession of a letter from the New York grievance authorities indicating that the disciplinary investigation regarding her prior visit to the prison remained open. The Referee further found that, when the prison official continued to express reluctance to grant respondent access to the inmate, respondent falsely stated that she had filed a motion and obtained judicial permission to meet with the inmate. The Referee also found that, when the prison official subsequently contacted the client's Pennsylvania criminal defense attorney, he advised the prison official that, prior to May 9, 2016, he had rejected respondent's offer to serve as cocounsel in the Pennsylvania proceeding, had refused to support her application for pro hac vice admission in Pennsylvania, and had never requested that she visit the client in prison.

With respect to charges two and three, the Referee found that, in 2015, respondent failed to respond to inquiries from two clients and failed to take action on their matters. In relation to one of those matters, the Referee found that respondent had determined that the client had no legal remedy and ceased working on the matter without notifying the client. The Referee also found that, after the clients terminated respondent as counsel in their matters, she failed to comply with their requests for documentation from their legal files.

With respect to charge four, the Referee found that, from January through March 2016, respondent failed to label properly her attorney trust account, issued a trust account check that was returned for insufficient funds, initiated two trust account debit transfers that were denied for insufficient funds, transferred funds between her trust account and personal checking account using electronic transfers rather than issuing checks payable to a named payee, and failed to make, keep, and produce to the Grievance Committee required bookkeeping records concerning transactions related to her practice of law.

With respect to charge five, the Referee found that, from October 2015 through May 2016, respondent failed to respond to several inquiries from the Grievance Committee regarding the allegations that gave rise to charges one through four.

With respect to matters in mitigation raised by respondent during the hearing, the Referee found that, although respondent testified that she suffered from certain mental health issues during the relevant time period, she failed to produce any documentation to corroborate that testimony other than a one-page billing summary from her treatment provider that was generated approximately three days before the hearing. The Referee also noted that respondent subsequently failed to produce additional corroborating documentation on that point, despite her statement to the Referee that such additional documentation was forthcoming. Accordingly, the Referee found that respondent failed to establish that mental health issues had contributed to the alleged misconduct.

We conclude that the findings of the Referee are supported by the record and, therefore, we grant the Grievance Committee's motion to confirm them.

In addition to the petition, respondent is the subject of a supplemental petition that was filed in March 2017, which alleges against her four charges of misconduct, including neglecting two client matters, failing to refund to one client unearned legal fees, and failing to cooperate in the investigation of the Grievance Committee. Respondent was personally served with the supplemental petition on March 3, 2017, but she thereafter failed to file an answer or to request from this Court more time to do so. In May 2017, the Grievance Committee filed with this Court a motion for an order, pursuant to 22 NYCRR 1020.8 (c), finding respondent in default and deeming admitted the material allegations of the supplemental petition. Respondent personally appeared before this Court on the return date of the motion, at which time she requested that the Court adjourn the appearance and extend the due date for the answer to allow her to retain counsel. Although the Court granted her requests, respondent thereafter failed to retain counsel or to file an answer to the supplemental petition. Accordingly, we grant the Grievance Committee's motion for an order finding respondent in default and deeming admitted the allegations in the supplemental petition.

With respect to charge one, respondent admits that, in March 2016, she accepted $500 to represent a client in a domestic re-

lations matter and thereafter failed to provide to the client a statement of client rights, periodic billing statements, or a written retainer agreement executed by respondent. Respondent also admits that she failed to appear at two scheduled court appearances in the matter, failed to respond to subsequent inquiries from the client, and failed to refund to the client unearned legal fees.

With respect to charge two, respondent admits that, in February 2015, she accepted more than $3,000 to represent a client in a criminal matter and thereafter failed to provide to the client an executed retainer agreement and failed to respond to subsequent inquiries from the client. Respondent further admits that, in March 2016, she agreed to represent the same client in a child custody matter and failed to respond to the custody petition filed against the client, which resulted in the court ruling against the client.

With respect to charge three, respondent admits that, in July 2016, she was charged with aggravated unlicensed operation of a motor vehicle for driving with a license that had been suspended based upon two outstanding scofflaw violations. Although the prosecutor agreed to allow respondent to resolve the matter by entering a plea of guilty to two parking infractions and paying a fine, respondent admits that she has neither paid the fine nor resolved the underlying scofflaw violations.

With respect to charge four, respondent admits that, from July through September 2016, she failed to respond to written inquiries from the Grievance Committee, failed to appear for a scheduled interview with counsel for the Grievance Committee, and failed to produce certain documentation requested by the Grievance Committee.

Based upon the findings of the Referee on the petition and the admissions of respondent on the supplemental petition, we find respondent guilty of professional misconduct and conclude that she has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b)—neglecting a legal matter entrusted to her;

rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4)—failing to comply promptly with a client's reasonable requests for information;

rule 1.5 (d) (2)—entering into an arrangement for, charging or collecting a fee prohibited by law or rule of court;

rule 1.5 (d) (5) (ii)—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by respondent and the client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

rule 1.5 (e)—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities;

rule 1.15 (a)—commingling client funds with personal funds;

rule 1.15 (b) (2)—failing to identify her trust account as an "attorney special account," "attorney trust account," or "attorney escrow account";

rule 1.15 (d) (1)—failing to maintain for seven years required bookkeeping records, including records of all deposits and withdrawals from any bank account concerning or affecting her practice of law and records showing the source and amounts of all funds deposited into, or disbursed from, any such account;

rule 1.15 (e)—making withdrawals from a special account by a method other than either a check payable to a named payee or a bank transfer to a named payee upon the prior written approval of the party entitled to the proceeds;

rule 1.15 (i)—failing to make available to the Grievance Committee financial records required to be maintained;

rule 1.16 (e)—failing to refund promptly any part of a fee paid in advance that has not been earned;

rule 8.4 (b)—engaging in illegal conduct that adversely reflects on her fitness as a lawyer;

rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.

We additionally conclude that respondent has violated 22 NYCRR 1215.1 by failing to provide to a client, within a reasonable period of time, a letter of engagement setting forth an explanation of the scope of the legal services to be provided, as well as an explanation of the attorney's fees to be charged, expenses, and billing practices. We also conclude that respondent

has violated 22 NYCRR 1400.2 by failing to provide to a client in a domestic relations matter itemized billing statements at 60-day intervals.

We have considered, in determining an appropriate sanction, respondent's failure to establish any compelling factors in mitigation, as well as the substantial aggravating factors relevant to this matter, including that respondent's misconduct set forth in charge one of the petition involves a calculated course of deceitful conduct and her abuse of her position as an attorney. We have also considered that respondent defaulted in responding to the supplemental petition, thereby evidencing a disregard for the outcome of this proceeding (*see Matter of Tate*, 147 AD3d 35, 37 [2016]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, she must in the application sufficiently explain the circumstances of her default on the supplemental petition.

SMITH, J.P., CARNI, DEJOSEPH, NEMOYER and TROUTMAN, JJ., concur.

Order of suspension entered.